[No. 10962. In Bank. — March 7, 1893.]

## ARCADIA B. DE BAKER, Appellant, v. J. W. BATCHELLER et al., Respondents.

Levee District — Petition for Formation. — A petition for the formation of a levee district under the act of March 10, 1891 (Stats. 1891, p. 30), need be signed only by a majority of freeholders owning lands along the stream within the proposed district, and not by a majority of all the freeholders owning lands subject to overflow along the entire course of the stream, whether within the district or not.

Id. — Publication of Petition — Description of Boundaries — Reference to Annexed Plat not Published. — Where a petition for the formation of a levy district under such act fully stated the boundaries of the proposed district with minute detail, and the body of the petition was published as required by the act, the publication is not rendered fatally defective by failure to publish a plat of the boundaries, merely because the petition contained a provision that "the said proposed boundaries of said district are shown approximately by the plat thereof hereunto annexed."

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Monroe & Lee,* for Appellant.

*Wilson & Lamme,* and *Charles L. Batcheller,* for Respondents.

McFarland, J. — April 6, 1891, certain persons presented to the board of supervisors of Los Angeles County a petition for the formation of a levee district under the act of March 10, 1891, entitled "An act to provide for the organization and government of levee districts created for the protection of lands from overflow of innavigable running streams of water," etc. (Stats. 1891, p. 30), to be called the Fruitland Levee District. Such proceedings were afterwards had that the board of supervisors declared such district organized; and after other steps provided for by the act had been taken, the defendants were elected as the board of directors of said district; and they were about to issue and sell certain

bonds of said district, when the plaintiff commenced this action to restrain them from so doing. A portion of plaintiff's complaint was stricken out against her objection, and the defendants having answered, the case was heard by the trial court, and judgment rendered for defendants. From the judgment, and from an order denying a new trial, plaintiff appeals.

1. The lands included in the district lie along the Los Angeles River, and the main contention of appellant is, that the petition failed to give the supervisors jurisdiction, because it was signed only by a majority of freeholders owning lands within the proposed district, whereas it is contended by appellant that it should have been signed by a majority of freeholders owning land injuriously affected by overflow from said Los Angeles River throughout its entire course. If the contention of appellant be true, then no levee district under the act could be legally created along any of the rivers of the state, — not even along the San Joaquin or Sacramento, — except upon a petition signed by a majority of all the freeholders of lands liable to be injuriously affected by overflow from the foothills to the bay.

We do not think that appellant's position is tenable. The whole contention rests upon the language of the first few lines of the bill, to wit: " A majority of freeholders owning land injuriously affected or liable to be injuriously affected by overflow from any innavigable running stream," etc.; and it is contended that this language necessarily means a majority of all the freeholders who own land at any point on the stream which might be injuriously affected by overflow. But when the entire act is looked at, it clearly means a majority of such freeholders within the proposed district. The second section expressly provides that the petition shall be "signed by the required number of freeholders of *such proposed district.*" It also provides that the board of supervisors "may make such changes in the proposed boundaries as they may find to be proper, and shall establish and define such boundaries"; also "that no lands already

embraced in . . . . levee . . . . district shall be included in such boundaries"; and that the board of supervisors shall not "allow another district to be formed including any of the lands in *such district* without the consent of the board of directors thereof." From these and other provisions of the act it is apparent that the legislature contemplated the possible creation of several districts along the same stream, and that when the act speaks of a "*majority of freeholders*," it means a majority of the freeholders of the proposed district. Appellant admits that there may be a district created which does not include all the lands subject to overflow along the river,— indeed, she says that it may be as small as "two acres"; but she contends that in order to organize a district, however small, there must be a petition signed by a majority of all the freeholders owning lands subject to overflow along the entire course of the stream; and that such a petition, so signed, is requisite to establish the first district or any subsequent district. Such a construction is unreasonable, and destructive of the respective rights of districts and freeholders along the stream. We think, therefore, that the court below was right in holding that the petition in the case at bar was sufficient, independent of the question whether or not the action of the board of supervisors, in determining the boundaries of a district, is final and beyond review.

2. The act provides that "said petition shall be published" in a certain prescribed way, and appellant contends that the board of supervisors did not acquire jurisdiction, because, in this case, the petition was not so published. It is admitted that the body of the petition itself was published as required by the act; but it contains this provision: "The said proposed boundaries of said district are shown approximately by the plat thereof hereunto annexed"; and as no plat was published with the petition, it is claimed that the publication was defective. But we do not think so. In the body of the petition the boundaries of the proposed district are fully stated with minute detail. The plat

referred to is not expressly made a part of the petition, purports to show the boundaries only approximately, and is not at all a necessary part of the petition. If the petitioners had been unusually wise or cautious, they would have avoided the possibility of the point now under review being made, by either leaving out any reference to the plat, or by publishing it after having made such reference; but we think that the publication of the body of the petition in this instance was a substantial compliance with the provision of the act on the subject.

Judgment and order affirmed.

DE HAVEN, J., GAROUTTE, J., PATERSON, J., and HARRISON, J., concurred.